**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| J.A.V., | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 4:26-cv-838-CDL-AGH |
| | : | 28 U.S.C. § 2241 |
| Warden, STEWART DETENTION CENTER, | : | |
| | : | |
| | : | |
| Respondent. | : | |

## <u>ORDER</u>

Petitioner applied for habeas corpus relief under 28 U.S.C. § 2241 (ECF No. 1). Petitioner also moved for leave to proceed *in forma pauperis* ("IFP") and for appointment of counsel (ECF No. 2).  As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed IFP is **GRANTED**.

Regarding his request for appointed counsel, the issues in this case are neither factually nor legally complex.  Petitioner has set forth the essential factual allegations underlying his claims, and the applicable legal doctrines are readily apparent. Further, the Court finds no factual dispute which would necessitate either discovery or an evidentiary hearing at this time.  Thus, the interests of justice do not require the appointment of counsel in this case.  Accordingly, Petitioner's request for appointed counsel is **DENIED**.  If the Court determines that an evidentiary hearing is necessary in this case, the Court will readdress Petitioner's request for appointed counsel.

Having initially reviewed Petitioner's application, the Court finds good cause to extend the time for a response.  28 U.S.C. § 2243.  Accordingly, Respondents shall have twenty-one (21) days to file a comprehensive response.  Within fourteen (14) days thereafter, Petitioner should file any desired reply.  The Court will consider whether to hold an evidentiary hearing once briefing is complete.

**SO ORDERED**, this 21st day of May, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

2